# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MARK F SPANGLER,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C16-1923 RSM<br><br>ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 |

## I. INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. #1. Petitioner Mark F. Spangler challenges the 192-month sentence imposed on him by this Court following his jury-trial conviction for twenty-four counts of wire fraud, seven counts of money laundering, and one count of investment advisor fraud. *Id.* at 1; Case No. 2:12-CR-00133-RSM, Dkt. #165. Petitioner challenges his sentence on twenty-two grounds. Dkt. #1. The Government responds that Mr. Spangler's Motion should be denied because his claims are procedurally barred and because they are based on false premises. Dkt. #7. After full consideration of the record, and for the reasons set forth below, the Court DENIES Mr. Spangler's § 2255 Motion.

## II. BACKGROUND

Petitioner Mark Spangler was a registered investment advisor with the Securities and Exchange Commission. ER 227, 418-19, 1862; SER 366 (example of annual registration forms introduced at trial).[1] He headed an investment firm called the Spangler Group. ER 227; SER 364. The Spangler Group had approximately 25 client families. SER 271. Mr. Spangler was eventually found guilty of operating an investment fraud scheme where he diverted client money to two startup companies under his control and used new investments to cash out or pay dividends to existing clients.

The scheme collapsed when several clients began to raise questions and to ask to redeem their investments. Unable to cover these redemption requests, Mr. Spangler placed his business into state-court receivership in June 2011 and asked Kent Johnson to serve as the court-appointed receiver. ER 354, 477, 495; *see In re Receivership of the Spangler Group, Inc.* (King County Case No. 11-2-22214-4 SEA). Under the court's supervision, Johnson managed claims submitted by Mr. Spangler's clients and by Mr. Spangler himself. Johnson was able to recover close to 30 million dollars, or approximately half of what the clients had invested with Spangler. ER 486-87.

On cross-examination, Johnson explained that he had met with defense counsel to discuss the distribution of funds to the investors. ER 494. Defense counsel admitted into evidence through Johnson a copy of a spreadsheet that showed the differences between three different distribution methodologies that he referred to as "pooled cash," "specific capital," and "specific cash." *See* Def. Trial Exh. A-6; ER 508-509. Johnson explained that the U.S.

---

[1] The Court's citations to "ER" and "SER" are from the excerpts of record and supplemental excerpts of record, respectively, filed in the Ninth Circuit appeal of the underlying criminal case. *See* Ninth Circuit Case No. 14-30042, Dkts. #20 and #28.

Attorney's Office disagreed with the use of the "specific cash" distribution methodology. ER 511. He testified that the receivership came up with the "pooled cash" methodology as the methodology that would "be the most fair for most of the investors . . . and at the same time create the least objection…" ER 512. Johnson described presentations given to the investors on the proposed distributions at the courthouse and at the Seattle Public Library. ER 512. Johnson explained that government lawyers attended the presentation given at the courthouse. ER 513. On redirect examination, Johnson explained that the state court approved Johnson's recommendation that the "pooled cash" methodology be used to distribute assets to the investors. ER 518.

On November 7, 2013, after a jury trial, Petitioner was convicted of twenty four counts of wire fraud, seven counts of money laundering, and one count of investment advisor fraud. Case No. 2:12-CR-00133-RSM, Dkt. #143. On March 13, 2014, Petitioner was sentenced to 192 months in prison. Case No. 2:12-CR-00133-RSM, Dkt. #165. Petitioner filed his current § 2255 Motion on December 16, 2016. Dkt. #1. Petitioner's Motion alleges 22 grounds for relief, including, *e.g.*, "[t]he prosecutor's failure to reveal a scheme to get State Court approval of a 'pooling' distribution plan prior to trial…. Put simply, this scheme had Petitioner's guilt definitively decided by a State Court Motion months before his actual trial began, and no one questioned its veracity." Dkt. #1 at 4. All 22 grounds relate to this alleged scheme related to the pooling distribution plan established in the state court receivership proceeding.

### III. DISCUSSION

**A. Legal Standard**

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or

laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f).

**B. Procedural Bar to Mr. Spangler's § 2255 Petition**

A claim may not be raised in a Section 2255 motion if the defendant had a full opportunity to be heard on the claim during the trial phase and on direct appeal. *See Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003). Where a defendant fails to raise an issue before the trial court, or presents the claim but then abandons it, and fails to include it on direct appeal, the issue is deemed "defaulted" and may not be raised under Section 2255 except under unusual circumstances. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Braswell*, 501 F.3d 1147, 1149 & n.1 (9th Cir. 2007). Unless the petitioner can overcome this procedural default, the Court cannot reach the merits of his claims. *See Bousley*, 523 U.S. at 622. To do so, the petitioner must "show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).[2] To demonstrate "cause" for procedural default, a defendant generally must show that "some objective factor external to the defense" impeded his adherence to a procedural rule. *Murray*, 477 U.S. at 488. *See also United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003). The Supreme Court has held that "cause" for failure to raise an issue exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). The "prejudice" prong of the test requires demonstrating "not merely that the errors at . . . trial created a possibility of

---

[2] Another means by which procedural default may be excused is by establishing actual innocence. *See Bousley*, 523 U.S. at 622. Mr. Spangler does not assert actual innocence in his Motion.

prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 at 170.

According to the Government, Mr. Spangler concedes that all 22 grounds raised in his motion were not raised in direct appeal, *see* Dkt. #1 at 5-38 (responses to Question (b)(1)), but fails to adequately explain why these claims are not barred procedurally. The form used by Mr. Spangler for his Motion prompts the filer to supply this information. For Grounds 1-14 and 16-20, Mr. Spangler's Motion states only "Prosecutor's failure to reveal and correct (BRADY, NAPUE) Cause and prejudice for every grounds [sic] except 15, 21, and 22." *See, e.g.*, Dkt. #1 at 5. For Grounds 15 and 21, Mr. Spangler states only "[n]ot material until prosecutor's scheme uncovered." *Id*. at 26 and 35. For Ground 22, Mr. Spangler states nothing. The Government argues that this is insufficient to establish "cause" because there was no "hidden government scheme to coerce the state-court receiver to use a pooled-cash methodology" and because "information regarding the receiver's proposed distribution methodology was available at trial." Dkt. #7 at 24 n.3. Mr. Spangler has also failed to establish "prejudice," according to the Government, because "Mr. Spangler fails to explain how any of the 22 grounds 'infect[ed] his entire trial with error of constitutional dimensions,' particularly when the evidence at trial overwhelmingly demonstrated his guilt." *Id*. at 24 (citing *Frady*, 456 U.S. at 170).

In Reply, Mr. Spangler submits over 150 pages in briefing and over 250 pages of exhibits. *See* Dkts. #8 and #9. Writing without page limits or attempt at brevity, Mr. Spangler does not get around to replying to the Government's arguments above. Instead, Mr. Spangler argues the merits of his petition only. The only mention of cause and prejudice occurs in the following paragraph:

CAUSE AND PREJUDICE

> Petitioner's cause and prejudice is [sic] based on the State's violations of Brady v. Maryland 373 US [sic]. A Brady violation has three components, and the second and third components parallel the good cause and prejudice needed to overcome the procedural bars for all Grounds, except Grounds Fifteen and Twenty One.

*Id.* at 2. Mr. Spangler offers no further explanation to excuse his double procedural default.

As an initial matter, the Court finds that Mr. Spangler failed to put forth in his initial Motion any substantive argument for "cause" excusing his procedural default or "actual prejudice" resulting from the errors of which he complains. Mr. Spangler cannot simply state the magic words "cause and prejudice" in his Motion and provide the Government an adequate opportunity to respond.[3] On this basis alone the Court can deny Mr. Spangler's Motion. However, the Court has also reviewed Mr. Spangler's Reply brief and found insufficient cause for Mr. Spangler's failure to raise these issues on direct appeal. Again, Mr. Spangler appears to state only the magic words "cause and prejudice" without further support. The Court agrees with the Government that information regarding the receiver's proposed distribution methodology was available at trial and prior to appeal, and that Mr. Spangler is procedurally barred from raising these issues for the first time now. Accordingly, the Court finds that Mr. Spangler has failed to overcome the procedural bar for all of his claims and they are properly dismissed on that ground alone. *See Bousley*, 523 U.S. at 622.

**C. Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his petition only after obtaining a Certificate of Appealability ("COA") from a

---

[3] Furthermore, it is well established that the Court need not address an argument raised for the first time on reply. *See United States v. Berry*, 624 F.3d 1031, 1039 n.7 (9th Cir. 2010) (declining to address an argument raised for the first time in a reply brief in a § 2255 motion); *Belgarde v. Montana*, 123 F.3d 1210, 1216 (9th Cir. 1997) (declining to consider claims not raised in the original habeas petition to the district court).

district or circuit judge. The Court finds that a COA is not warranted in this case. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). As discussed above, the law regarding procedural default is clear in the Ninth Circuit. Therefore, the Court finds no basis to issue a COA.

## IV. CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion under § 2255 (Dkt. #1) is DENIED. No COA shall be issued.
2. This matter is now CLOSED.
3. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 24th day of May 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE