# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MARK F SPANGLER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C16-1923 RSM

ORDER DENYING PETITIONER'S AMENDED RULE 60 MOTION

This matter comes before the Court on Petitioner Mark Spangler's Amended Motion for Reconsideration, brought under Rule 60(b). Dkt. #16. Mr. Spangler argues that the Court should reconsider its prior Order dismissing this case, specifically its failure to grant him leave to amend his § 2255 Petition, citing Ninth Circuit case law establishing that the court "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Dkt. #16 at 5 (citing *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)). Mr. Spangler also argues the merits of his original petition.

The underling facts of this case have been set forth in the prior Order at issue and are incorporated here. *See* Dkt. #10.

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs clearly seeks relief under subsection 6 only. *See* Dkt. #16 at 3, 22. Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id.* (internal quotation marks omitted). A motion under Rule 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

The Court begins by addressing the timeliness of this Motion. The Court's Order dismissing this case was issued on May 24, 2017. Dkt. #10. Mr. Spangler did not file a Motion for Reconsideration or Rule 60(b) Motion following that Order; instead he appealed to the Ninth Circuit. *See* Dkt. #11 (July 10, 2017, Notice of Appeal). His appeal was ultimately

dismissed for lack of a certificate of appealability on January 31, 2018. Dkt. #13. The Ninth Circuit found that "appellant has not shown that 'jurists of reason would find it debatable whether the [section 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id*. Thirteen months after this ruling, Mr. Spangler filed a Rule 60(b) Motion in this case, amending it to its current form over two months later. Dkts. #14 and #16.

Two years have thus passed since the underlying Order was issued. Although Rule 60 does not define a "reasonable time," other Courts have found that a Rule 60(b) motion is untimely if it is filed after two years, and specifically in the circumstance of this case where the motion is filed after an appeal has been denied. *See United States v. Washington*, 20 F. Supp. 3d 899, 924, (W.D. Wash. Sep. 2, 2008) (citing cases); *Pursley v. Estep*, 2007 U.S. Dist. LEXIS 90192, 2007 WL 4322330 (D. Colo. Dec. 7, 2007).

Mr. Spangler addresses the timeliness of his Motion at some length. Dkt. #16 at 22–23. He argues that this Motion required the aid of an attorney, which took time to find, and that a transfer between prisons resulted in a delay in obtaining his legal materials. *Id*. These arguments are unavailing for several reasons. First, Mr. Spangler apparently began searching for an attorney "by the end of the second quarter of 2018." *Id*. at 22. The initial process in drafting this Motion thus occurred well after Mr. Spangler had filed and lost his appeal in this case. Second, it is not clear Mr. Spangler actually used the services of an attorney in drafting this Motion, which was filed pro se. Third, Mr. Spangler alleges that there was a delay in obtaining his legal materials until December 21, 2018, but he did not file this Motion until March of the following year, and in its amended form until May. Mr. Spangler does not adequately explain these further delays.

If Rule 60(c)(1) is to have any meaning at all, the District Court must have discretion to consider what constitutes a "reasonable time" under the specific circumstances of the case. Here, the Court has thoroughly reviewed Mr. Spangler's Motion and the remainder of the record and finds that this Motion was not filed within a reasonable time, and that Mr. Spangler has failed to demonstrate good cause for the various delays in filing. This is a valid basis for denying this Motion.

In an abundance of caution, the Court will nevertheless consider the merits of this Motion. Mr. Spangler's key argument is that the Court failed to grant him leave to amend. However, as Mr. Spangler acknowledges, leave to amend may be withheld by a district court where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker, supra*; *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile."). The Court's review of its prior Order reveals that futility was demonstrated. First, the Court not only based its ruling on Mr. Spangler's *petition*, which inadequately demonstrated cause and prejudice justifying a double procedural default, but on Mr. Spangler's hundreds of pages of *briefing* on the matter. Dkt. #10 at 6 ("the Court has also reviewed Mr. Spangler's Reply brief and found insufficient cause for Mr. Spangler's failure to raise these issues on direct appeal."). Second, the Court made a substantive finding: "[t]he Court agrees with the Government that information regarding the receiver's proposed distribution methodology was available at trial and prior to appeal, and that Mr. Spangler is procedurally barred from raising these issues for the first time now." *Id*. The Court's ruling did not simply rely on a drafting error from a pro se petitioner. Faced with the decision again, but with Mr.

Spangler's arguments in this Motion, the Court would still find that amendment of Mr. Spangler's petition is futile and thus deny leave to amend.

All of Mr. Spangler's other arguments as to the merits of his 2255 petition have been previously addressed by the Court or are otherwise procedurally barred now. There is no basis for Rule 60(b) relief.

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner Mark Spangler's Amended Motion for Reconsideration (Dkt. #16) is DENIED.
2. All pending Motions are terminated.
3. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 28th day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE